IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILBERT RAY HUTSON,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-06-3847 |
| NATHANIEL QUARTERMAN,<br>Respondent. | §<br>§<br>§ | |

## MEMORANDUM ORDER AND OPINION

Petitioner Wilbert Ray Hutson, a state inmate proceeding *pro se*, filed this petition under 28 U.S.C. § 2254 challenging the state court's denial of his motion for DNA testing. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for the reasons that follow.

### I.    Background and Claims

Petitioner reports that he was convicted of aggravated assault with a deadly weapon in 2001 in Harris County, Texas, and sentenced to ten years incarceration. The conviction was affirmed on appeal, and the Texas Court of Criminal Appeals refused discretionary review. His motion for post-conviction DNA testing under article 64.01(a) of the Texas Code of Criminal Procedure was denied. The denial was affirmed on direct appeal.

In the instant petition, petitioner challenges the state court's denial of his motion for DNA testing.

## II.  Analysis

Petitioner recently challenged his state conviction and the denial of his motion for DNA testing in another section 2554 habeas petition. *Hutson v. Quarterman*, C.A. No. 06-cv-3271 (S.D. Tex. 2006).  The Court dismissed that petition on November 2, 2006 as an unauthorized successive writ.  Accordingly, this petition is subject to dismissal with prejudice as duplicative.

Further, petitioner's challenge to the denial of DNA testing is an attack on a proceeding collateral to his conviction and detention. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).  Convicted inmates do not enjoy a federal constitutional right to collateral review of their convictions, and petitioner's claim for denial of a collateral review proceeding fails to state a cognizable federal habeas issue. *See Morris v. Cain*, 186 F.3d 581 n.6 (5th Cir. 1999).  Regardless, petitioner's claim raises only a question regarding his rights under state law, not federal law, and is not cognizable on federal habeas corpus. *See* 28 U.S.C. § 2254(a); *Sykes v. Dretke*, No. 3:02-cv-0784-G, 2004 WL 1856826 (N.D. Tex. Aug. 19, 2004) (holding that a complaint regarding post-conviction DNA testing is solely an issue of state law not cognizable on federal habeas review).  Accordingly, this petition is subject to dismissal with prejudice for failure to state a cognizable federal habeas issue.

To the extent petitioner again challenges his state conviction, this petition further is subject to dismissal for lack of jurisdiction as an unauthorized successive petition.

### III.   Conclusion

Petitioner's claims for denial of state DNA testing are **DISMISSED WITH PREJUDICE** as duplicative and for failure to state a cognizable federal habeas issue. Petitioner's claims challenging his state court conviction are **DISMISSED FOR LACK OF JURISDICTION** as unauthorized successive habeas claims. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 20 day of December, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE